**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISHNA REDDY, | No. 10-56683 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00524-JFW-DTB |
| v. | |
| GILBERT MEDICAL TRANSCRIPTION SERVICE, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Krishna Reddy appeals pro se from the district court's judgment in her

employment action. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal for lack of personal jurisdiction, *Schwarzenegger v. Fred Martin*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), a dismissal on the basis of the applicable statute of limitations, *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 584 (9th Cir. 2000), and summary judgment, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We affirm.

The district court properly dismissed defendant Slattery for lack of personal jurisdiction because Reddy failed to establish that either general or specific personal jurisdiction existed over her. *See Schwarzenegger*, 374 F.3d at 800-03 (discussing requirements for a district court sitting in California to exercise personal jurisdiction over a nonresident defendant).

The district court properly dismissed Reddy's Title VII claim for failure to exhaust her administrative remedies in a timely manner. *See Dinuba Med. Clinic*, 222 F.3d at 585 (a Title VII action cannot proceed in federal court unless a plaintiff has timely exhausted administrative remedies); *see also Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008) ("Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment to defendants Transcription Matchmaker and Kaminski on Reddy's contract claim because Reddy failed to raise a genuine dispute of material fact as to whether the parties

had entered into a contract. *See United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999) (discussing the elements for a contract under California law). Contrary to Reddy's contention, Transcription Matchmaker and Kaminski were not required to provide her with a written contract under California's Employment Agency, Employment Counseling and Job Listing Services Act because Reddy did not pay them a fee or deposit. *See* Cal. Civ. Code § 1812.501(c) (defining "job listing service" as those who receive "a fee or other valuable consideration to be paid, directly or indirectly, by the jobseeker"); *id.* § 1812.516(a) (providing that "[e]very job listing service shall give a written contract to every jobseeker from whom a fee or deposit is to be received, whether directly or indirectly").

The district court properly granted partial summary judgment to defendants Gilbert Medical Transcription Service, Inc., Gilbert, and Sowards for the reasons stated by the district court in its order entered on December 20, 2010.

The district court did not abuse its discretion by imposing terminating sanctions under Fed. R. Civ. P. 37(b)(2) based on Reddy's willful and repeated violations of the court's discovery orders after the court had imposed monetary sanctions and warned Reddy of the possibility of terminating sanctions. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096-97 (9th

Cir. 2007) (setting forth standard of review, discussing factors for evaluating terminating sanctions, and noting that terminating sanctions may be appropriate "[w]here a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts" (citation and internal quotation marks omitted)).

Reddy's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We do not consider Reddy's request to vacate a vexatious litigant order because it was issued against her in a different case.

**AFFIRMED.**

10-56683